977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kalonji NKRUMAH, also known as James H. Dunville, Plaintiff-Appellant,
v.
Dick CLARK, R. Bronnenberg, Charles Adkins, et al.,
Defendants-Appellees.
 No. 91-2466.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 21, 1992.*
Decided Sept. 24, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kalonji Nkrumah appeals pro se the district court's dismissal of a complaint he filed under 42 U.S.C. §§ 1983, 1985, and 1986. We affirm.
 
 I. BACKGROUND
 
 2
 At the time of the events in question, Nkrumah was an inmate incarcerated in the New Services Building (NSB), a disciplinary unit at the Indiana State Prison. Pursuant to §§ 1983, 1985, and 1986, he brought a complaint against the superintendent of the prison and other administrative personnel alleging that in addition to violating state law, they also conspired to deprive him of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. Nkrumah's complaint asserts that (1) he is allotted only fifteen minutes per day for recreation and fifteen minutes to shower; (2) his meals are served by correctional officers rather than food service workers; and (3) visits with his family are restricted to non-contact meetings. He seeks declaratory and injunctive relief in addition to compensatory and punitive damages. The district court initially granted the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on all but the Eighth Amendment recreation claim. Later it granted summary judgment on that issue as well. Nkrumah filed a timely notice of appeal.
 
 II. ANALYSIS
 A. Standard of Review
 
 3
 We review de novo the entry of summary judgment. Hayes v. Otis Elevator Co., 946 F.2d 1272, 1277 (7th Cir.1991). In its assessment, the court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990). We will affirm summary judgment if the record presents "no genuine issue of material fact [such] that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.
 
 
 4
 Likewise, we review de novo a dismissal under Rule 12(b)(6). National Organization for Women, Inc. v. Scheidler, No. 91-2468, slip op. at 6 (7th Cir. June 29, 1992). A district court may dismiss an action only if the complaining party "can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted). We assume the truth of all well-pleaded allegations and draw all reasonable inferences in a light most favorable to the plaintiff. Summit Health, Ltd. v. Pinhas, 111 S.Ct. 1842, 1845 (1991). In an appeal such as this one, we liberally construe pro se pleadings. Haines v. Kerner, 404 U.S. 519 (1972).
 
 B. Limitations on Recreation
 
 5
 Indiana law provides in pertinent part that the department of correction
 
 
 6
 may not impose the following as disciplinary action: ... (2) Confinement without an opportunity for at least one-half [ 1/2] hour of daily exercise outside of immediate living quarters, unless the department finds and documents that this opportunity will jeopardize the physical safety of the offender, or others, or the security of the facility or program.
 
 
 7
 IND.CODE § 11-11-5-4(2). Nkrumah alleges that by restricting his daily routine to fifteen minutes for exercise and fifteen minutes for a shower, the appellees violated Indiana law as well as the Eighth and Fourteenth Amendments.
 
 1. State Law
 
 8
 The Eleventh Amendment bars district courts from hearing claims alleging that state officials have violated state law or procedure in carrying out their official responsibilities. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984). To the extent that Nkrumah alleges that the appellees violated the Indiana code by limiting his time for exercise to fifteen minutes daily, the district court properly granted summary judgment.
 
 2. Federal Constitutional Law
 
 9
 In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or federal laws, and (2) demonstrate that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42, 48 (1988); Baker v. McCollan, 443 U.S. 137, 140 (1979).
 
 
 10
 a. Fourteenth Amendment
 
 
 11
 In addition to the Constitution and federal laws, state laws and regulations can be a source of protectable due process interests. Shango v. Jurich, 681 F.2d 1091, 1097 (7th Cir.1982). State laws do not, however, engender federal constitutional protection under the Due Process Clause merely by virtue of their existence. Brandon v. District of Columbia Board of Parole, 823 F.2d 644, 648 (D.C.Cir.1987). Rather, the actual language of a state statute or regulatory procedure determines whether a liberty interest is created. Cain v. Lane, 857 F.2d 1139, 1144 (7th Cir.1988). A protected liberty interest, for instance, may arise from "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates...." Hewitt v. Helms, 459 U.S. 460, 471-472 (1983). See also Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. 1904, 1910 (1989); Russ v. Young, 895 F.2d 1149, 1153 (7th Cir.1989). In other words, a liberty interest may exist if the statute or procedure places "a substantive restriction on the official's discretion." Shango, 681 F.2d at 1101. Cf. Wallace v. Robinson, 940 F.2d 243, 244 (7th Cir.1991) (in banc), cert. denied 112 S.Ct. 1563 (1992).
 
 
 12
 Nkrumah is incorrect in his assertion that IND.CODE § 11-11-5-4(2) provides a basis for a constitutional claim.[1] Certainly some of the language in the provision is mandatory in character, directing prison officials to follow specified procedures in disciplining prisoners. Nevertheless, "we have repeatedly rejected the notion that any and all state prison rules and regulations containing such language automatically create 'legitimate claims of entitlement' triggering the procedural protections of the due process clause." Colon v. Schneider, 899 F.2d 660, 667 (7th Cir.1990) (citations omitted). Moreover, our reading of the cited provision suggests that the half-hour exercise requirement does not sufficiently limit the discretion of prison officials to confer on inmates a liberty interest. Cf. Woods v. Thieret, 903 F.2d 1080, 1083 (7th Cir.1990) (noting no liberty interest where language of predicates leaves discretion); Miller v. Henman, 804 F.2d 421, 427 (7th Cir.1986) (observing that no liberty interest arose from directive charging prison staff with using professional judgment, albeit within specific guidelines), cert. denied, 484 U.S. 844 (1987). Prison officials need not automatically guarantee a half-hour of exercise if they determine and document that prison security will be jeopardized. Such an exception, giving prison staff substantial discretion, precludes the creation of a liberty interest.
 
 
 13
 While the district court did not specifically address the equal protection component of Nkrumah's complaint, that claim lacks merit. "[N]ot every denial of a right conferred by state law involves a denial of the equal protection of the laws." Snowden v. Hughes, 321 U.S. 1, 8 (1944). On the contrary, the
 
 
 14
 Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers. The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.
 
 
 15
 Briscoe v. Kusper, 435 F.2d 1046, 1052 (7th Cir.1970). In order to succeed on an equal protection claim, a plaintiff must show intentional or purposeful discrimination suggesting that "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." Shango, 681 F.2d at 1104. On this issue, Nkrumah's complaint is conclusory and lacking in merit.
 
 
 16
 b. Eighth Amendment
 
 
 17
 Nkrumah further alleges that the fifteen-minute exercise limitation violated the Eighth Amendment's proscription against cruel and unusual punishment. We disagree. In Davenport v. De Robertis, 844 F.2d 1310 (7th Cir.), cert. denied, 488 U.S. 908 (1988), we found that the district court judge reasonably could have concluded that inmates housed in a segregation unit were constitutionally entitled to at least five hours of exercise per week. Id. at 1315. See also Harris v. Fleming, 839 F.2d 1232 (7th Cir.1988) (absence of opportunity for recreation constitutionally permissible where inmates were confined to segregation unit for twenty-eight days); French v. Owens, 777 F.2d 1250 (7th Cir.1985) (five hours of exercise per week complied with Eighth Amendment), cert. denied, 479 U.S. 817 (1986). None of these cases, however, establish a bright-line rule mandating a certain number of hours of exercise per week. In Davenport, for instance, the five-hour prescription was not meant to "suggest that this is always and everywhere the constitutional minimum." Id. at 1316. Security concerns permit prison officials to limit fractious inmates to far less exercise time. Id. at 1315. In light of Nkrumah's prison disciplinary record, restricting him to one hour and forty-five minutes of exercise per week is reasonably justified. During his confinement to the NSB unit, he has received eight conduct offenses. Since entering the department of correction in 1983, he has received a total of 104 conduct offenses, including one for attempted homicide, seventeen for batteries, sixteen for possession of deadly weapons, twenty-nine for threatening staff, and three for physical resistance.
 
 
 18
 Because the appellees were entitled to judgment as a matter of law, the district court properly granted summary judgment on the recreation claim.
 
 C. Service of Food
 
 19
 Nkrumah's second cause of action alleges that his constitutional rights were violated because prison staff rather than food service workers served his meals.[2] Prisoners have no Eighth Amendment right to receive their meals from food service workers. "Inmates cannot expect the amenities, conveniences and services of a good hotel...." Harris, 839 F.2d at 1236. Nkrumah cites no state statute or administrative procedure specifying who is responsible for serving meals to Indiana inmates. Nor are we aware of any such rules. Therefore, any claim suggesting a liberty interest in receiving meals from food service workers is specious. Similarly, the suggestion that the Equal Protection Clause is somehow implicated is conclusory. The complaint, alluding to possible harm in the future, fails to allege a violation of a right secured by the Constitution or federal laws. Therefore the district court correctly dismissed this claim.
 
 D. Non-contact Visits
 
 20
 Nkrumah also alleges that his constitutional rights were violated because he was not permitted contact visits with his family. Such a restriction does not violate the Eighth Amendment. Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir.1986) (citing similar holdings in the 1st, 2d, 3d, 4th, 5th, 6th, and 10th circuit courts of appeal), cert. denied, 481 U.S. 1069 (1987). "Denial of contact visitation simply does not amount to the infliction of pain." Id. at 1113. Even if this limitation did impose on Nkrumah some degree of pain, the Eighth Amendment would not forbid restricting inmates in disciplinary units to non-contact units unless the pain were wantonly inflicted or unrelated to rational penological objectives. Turner v. Safley, 482 U.S. 78, 89 (1987); Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Nor does restriction to non-contact visits violate the Fourteenth Amendment. Putting aside the greater privilege of contact during visits, even "[t]he right to visit a person is not the kind of fundamental interest protected by the due process clause." Mayo v. Lane, 867 F.2d 374, 379 (7th Cir.1989) (Flaum, J., concurring). See also Hewitt, 459 U.S. at 468 (denial of prison access to a particular visitor "is well within the terms of confinement ordinarily contemplated by a prison sentence"). Any suggestion that the Equal Protection Clause was somehow implicated is conclusory and without merit. Consequently, the district court properly dismissed this claim as well.
 
 III. CONCLUSION
 
 21
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In his brief Nkrumah argues for the first time that IND.CODE § 11-10-11-12 and the "Administrative Procedures Manual of Policies and Procedures for Indiana Department of Correction at Indiana State Prison" create a liberty interest with respect to the recreation claim. Because Nkrumah did not raise this argument in the proceedings before the district court, it is not properly before this court on appeal. See Smith v. Fairman, 862 F.2d 630, 634-635 (7th Cir.1988), cert. denied, 490 U.S. 1008 (1989)
 
 
 [2]
 Nkrumah provides two rationales for the food service claim. First, he claims that he is exposed to the risk of contracting diseases if corrections officers rather than food service workers serve food. Second, he asserts that he is being endangered because a correctional officer verbally threatened to harm him through the food service process. In his appellate brief, Nkrumah mentions for the first time that after being threatened he started to receive food containing drugs, bugs, and disinfectant. This allegation appears nowhere in the complaint